IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Roger Syntell Legette, #243366, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Anthony Padula, Warden of )<br>Lee Correctional Institution, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:07-0633-HMH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined to Lee Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Horry County. A juvenile petition was first filed against the petitioner in Family Court alleging he committed the offense of murder at the age of 15 (96-JU-26-263). A hearing on whether to waive the case to General Sessions Court was held before Family Court Judge H.T. Abbott, III, on September 26, 1996. The petitioner was represented by attorney Barbara Wilson Pratt of the Public Defender's Office. On October 22, 1996, Judge Abbott signed an order waiving jurisdiction of the case to General Sessions court. This decision was appealed to Circuit Court Judge A. Victor Rawl, who by

order dated January 16, 1997, remanded the matter back to Family Court for further findings. On April 7, 1997, Judge Abbott filed an amended order that still waived jurisdiction to General Sessions Court.

In December 1996, the Horry County Grand Jury indicted the petitioner for murder, possession of a weapon during commission of a violent crime, and possession of a pistol by a person under the age of 21 (96-GS-26-2809). On August 4-5 , 1997, the petitioner was tried before the Honorable David S. Maring, Sr., and a jury. The petitioner was represented at trial by attorney John E. Gardner. The State decided to *nol pros* count three of the indictment, with regard to possession of a pistol by a person under the age of 21. The jury found the petitioner guilty of the other two offenses, and Judge Maring sentenced him to life imprisonment for murder and a concurrent five years on the remaining possession charge.

A timely notice of appeal was filed on August 8, 1997, with the South Carolina Supreme Court. Deputy Chief Appellate Defender Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, was appointed to represent the petitioner in his direct appeal. On November 12, 1998, Savitz filed a "no merit" *Anders* final brief of appellant and petition to be relieved as counsel, in which he raised the following issue on behalf of the petitioner:

> The judge erred by declining to direct a verdict acquitting appellant of murder and submitting the case to the jury only as involuntary manslaughter.

The petitioner filed a *pro se* brief. On November 3, 1999, the state supreme court issued an opinion dismissing the appeal after *Anders* review. *State v. Legette*, 99-MO-072 (S.C. filed 11/3/99). The petitioner filed a *pro se* petition for rehearing, which was denied by the state supreme court on December 15, 1999. The remittitur was sent down on December 15, 1999.

2

The petitioner next filed with the United States Supreme Court a pro se petition for writ of certiorari, in which he raised the following issues:

(I)    The Supreme Court consider petitioner's argument that the trial court erred by allowing prosecution to use inculpatory evidence gained through an illegal custodial interrogation of petitioner after trial court ruled that petitioner's statement was inadmissable; thereby, violating the petitioner's Fifth and Fourteenth Amendment rights guaranteed by the U.S. Constitution.

(II)    The Supreme Court reconsider petitioner's argument that the trial court violated petitioner's right to an impartial trial by denying petitioner's motion to dismiss members of the jury who were personal friends of the respondents witnesses; thereby violating the petitioner's Sixth Amendment rights.

(III)    The Supreme Court consider petitioner's argument that trial court lacked subject matter jurisdiction; thereby violating the petitioner's Forth, Fifth, Sixth and Fourteenth Amendment rights.

(IV)    The Supreme Court consider that petitioner's appellate counsel has been ineffective in the representation of the petitioner; moreover; the ineffectiveness has resulted in a serious miscarriage of justice, violating Sixth and Fourteenth Amendment.

This petition was denied by the United States Supreme Court on April 24, 2000.

The petitioner next filed a *pro se* application for post-conviction relief ("APCR1") on April 27, 2000 (2000-CP-26-1962), in which he asserted the following issues (verbatim):

(1)    The Order Waiving Jurisdiction fo the applicant was a violation of the applicant's Fifth and Fourteenth Amendment right to Due Process and Equal Protection and a violation of S.C. Code Ann., § 20-7-7605(5) & (6); therefore, the Family Court was without jurisdiction to transfer the applicant's case to he Court of general Sessions.

(2)    Applicant's Sixth Amendment right was violated due to counsel's conflict of interest; failure to advise applicant of his right to appeal waiver hearing order; failure to provide independent, unbiased, psychological evaluation of applicant;

3

> and failure to pursue rulings on Rule 59(e) and Rule 60(b) motions that were timely filed on applicant's behalf. This caused a denial of applicant's Fourteenth Amendment rights to Equal Protection and Due Process.

This APCR addressed only issues dealing with the petitioner's waiver to General Sessions Court. The State filed a return and motion to dismiss dated October 16, 2000.

Meanwhile, on April 19, 2001, the petitioner filed a second application for post-conviction relief ("APCR2") (2001-CP-26-1911), in which he asserted the following issues:

> (1)    Ineffective Assistance of Trial Counsel;
>
> (2)    Ineffective Assistance of Appellate Counsel;
>
> (3)    Subject Matter Jurisdiction;
>
> (4)    Ineffective Assistance of P.C.R. Counsel

APCR2 dealt with issues from the trial itself. The State filed a return and motion to dismiss on July 6, 2001. An evidentiary hearing in APCR2 was held before the Honorable John L. Breeden on November 7, 2001. The petitioner was present and represented by attorney Gabriel Joseph, Jr. On September 2, 2002, Judge Breeden signed an order of dismissal rejecting the petitioner's claims as to his trial. There was apparently no appeal filed from APCR2.

An evidentiary hearing in APCR1 was held before the Honorable J. Michael Baxley on March 14, 2002. The State's motion to merge the two PCRs was denied because an evidentiary hearing had already been held on APCR2. The petitioner was present and represented by J. Matthew Dove. The petitioner called himself to testify; the State called trial counsel. Judge Baxley orally denied relief at the hearing, and on June 27, 2002, signed an order of dismissal in which he rejected the petitioner's claims as to the waiver process.

4

During the pendency of these two PCR actions, on August 6, 2001, the petitioner filed his first federal habeas corpus petition on August 6, 2001 (C.A. No. 4:01-3183-20BF).  The Warden and state Attorney General filed a return and memorandum of law in support of motion for summary judgment on February 22, 2002.  On August 8, 2002, this court recommended that summary judgment be granted to the state officials.  On September 16, 2002, United States District Judge Henry M. Herlong, Jr., filed an order in which he adopted recommendation and dismissed the first habeas action for failure to exhaust state remedies.

Subsequently, a timely notice of appeal was filed with the South Carolina Supreme Court from Judge Baxley's order of dismissal of APCR1.  Assistant Appellate Defender Robert M. Pachak of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his appeal for APCR1.  On October 17, 2002, Pachak filed a petition for writ of certiorari, in which he raised the following issue on behalf of the petitioner:

> Whether the court of General sessions had jurisdiction over the charge of possession of a weapon during a violent crime?

The State filed a return to the petition for writ of certiorari dated December 2, 2002.  On June 7, 2006, the South Carolina Supreme Court issued an opinion in which it vacated only the conviction as to the charge for possession of a weapon, since that charge cannot be waived from Family Court to General Sessions Court under the statute.  *Legette v. State*, Memo. Op. No. 2003-MO-014 (S.C. filed 2/24/03).  The remittitur was sent down on March 14, 2003.

The petitioner next filed a third application for post-conviction relief ("APCR3") on May 29, 2003 (2003-CP-26-3207), in which he asserted the following issues:

> (1)    Whether trial courts instructions were conflicting and confusing.

5

(2)     Whether prosecutor's comments were improper.

The State filed a return and motion to dismiss dated April 18, 2004, in which it asserted that the APCR3 should be dismissed as impermissibly successive and as violative of the PCR statute of limitations.

A hearing in APCR3 was held before the Honorable Paula H. Thomas on January 20h, 2005.   The petitioner was present and represented by attorney Wesley Locklair.   Judge Thomas orally found APCR3 barred by the statute of limitations and successive bar, and on March 3, 2005, signed an order of dismissal to that effect.

A timely notice of appeal was filed with the South Carolina Supreme Court from Judge Thomas' order of dismissal in APCR3.  Assistant Appellate Defender Robert M. Pachak of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his appeal for APCR3.  On January 5, 2006, Pachak filed a "no merit" *Johnson* petition for writ of certiorari and petition to be relieved as counsel, in which he raised the following issue on behalf of the petitioner:

> Whether there was any evidence to support the PCR Judge's findings that petitioner's current application was barred by the statue of limitations and that it was successive?

The State filed a letter return to the *Johnson* petition for writ of certiorari dated January 9, 2006.

On November 16, 2006, the South Carolina Supreme Court issued an order in which it dismissed the appeal and granted the motion to be relieved.  The remittitur was sent down on November 30, 2006.

In his petition now pending before this court, the petitioner makes the following allegation:

> (1)     Whether the Fruit of the Poisonous Tree Doctrine apply to petitioner, with respect to illegally admitted evidence.

6

(2)    Whether the prosecutor offended Due Process with the improper conduct displayed here; & whether this perjury constitutes prosecutorial misconduct.

On July 30, 2007, the respondent filed a motion for summary judgment. By order filed July 31, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response to the motion on September 10, 2007; the respondent replied on September 20, 2007; and the petitioner responded to the reply on October 18, 2007.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## ANALYSIS

The petitioner's claims are barred by the statute of limitations. The petitioner's convictions became final on April 24, 2000, the day the United States Supreme Court denied certiorari review. The petitioner filed APCR1 on April 27, 2000. Accordingly, at that point two days of non-tolled time accrued between the disposition of his direct appeal and the filing of APCR1. The period of limitations was tolled during the pendency of APCR1 until March 14, 2003, when the South Carolina Supreme Court issued the remittitur from

its order granting certiorari and vacating the petitioner's conviction on the charge of possession of a weapon during the commission of a violent crime.

During the pendency of APCR1, the petitioner filed APCR2 on April 19, 2001. This application was dismissed by Judge Breeden on September 2, 2002. It does not appear that an appeal was filed from the dismissal APCR2. The petitioner claims he never received a copy of the September 2002 order dismissing APCR2 so that he could appeal it. However, as argued by the respondent, this would be irrelevant to calculation of the limitations period, as APCR1 was pending after the conclusion of APCR2, and thus APCR2 could not toll any more time than APCR1 did. Moreover, the petitioner has not shown the diligence to be entitled to equitable tolling in any event, given that he waited five years without attempting to discover the outcome of APCR2.

The petitioner filed a federal habeas corpus action on August 6, 2001, which was dismissed by the Honorable Henry M. Herlong, Jr., United States District Judge, on September 16, 2002.

The petitioner filed APCR3 on May 29, 2003. Judge Thomas found that APCR3 was successive and barred by the statute of limitations. The South Carolina Supreme Court denied certiorari and granted the petitioner's attorney's motion to be relieved. The remittitur was sent down on November 30, 2006. Time- barred applications for state collateral review are not "properly filed" applications that trigger statutory tolling. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Accordingly, that application did not toll the period of limitation for filing the federal habeas petition.

Based upon the foregoing, the clock began to run on the federal habeas limitations period again on March 14, 2003, when APCR1 was finalized. The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date for the instant petition is March 1, 2007. Accordingly, an additional 1448 days of non-tolled time accrued after the disposition of APCR1. In total, approximately 1450 days of non-tolled time (2 +1448=1450) have accrued

since the petitioner's period of limitations began to run.  Based upon the foregoing, the federal petition was not timely filed, and it is barred by Section 2244(d)(1).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

October 25, 2007

Greenville, South Carolina