IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Roger Syntell Legette, #243366, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:07-633-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Anthony Padula, Warden of Lee Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina. Roger Syntell Legette ("Legette") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Catoe recommends granting the Respondent's motion for summary judgment on the basis that Legette's § 2254 petition is time-barred.

Legette filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The majority of Legette's objections are non-specific, unrelated to the dispositive portions of the recommendation, or merely restate his claims. However, the court was able to

1

glean two specific objections. Legette objects to the Magistrate Judge's finding that his petition was timely. Further, Legette objects to the Magistrate Judge's finding that he is not entitled to equitable tolling of the statute of limitations.

28 U.S.C. § 2244(d)(1) provides as follows:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The doctrine of equitable tolling "has been applied in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotation marks omitted). "[A]ny resort to equity must be reserved for those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

First, Legette submits that the Magistrate Judge did not mention that Legette had filed a "Motion for New Trial Based on After discovered Evidence & Motion for Reconsideration

2

and/or Vacation of Sentence" after his direct appeal was dismissed on November 3, 1999. Legette argues that "[t]he failure of the Magistrate Judge to even acknowledge said motions directly effects the equitable tolling arguments advanced by the petitioner . . . ." (Objections 1.) Legette's convictions were final on April 24, 2000. Legette filed his first application for post-conviction relief ("PCR1") on April 27, 2000. The South Carolina Supreme Court issued the remittitur from its order denying certiorari review of PCR1 on March 14, 2003. Legette did not file the instant petition until March 1, 2007. Based on the foregoing, Legette's filing of a motion for new trial after his direct appeal was denied in 1999 in no way impacts the timeliness of the instant petition or the equitable tolling argument. Legette has provided no explanation as to why he waited until March 1, 2007, to file the instant petition after PCR1 was final on March 14, 2003.

Further, Legette argues that his second application for post-conviction relief ("PCR2") is the only PCR that tolled the time for his limitations period. (Id. 2, 5.) This argument is without merit. While PCR1 was pending, Legette filed PCR2, which was dismissed on September 2, 2002. Legette did not appeal this order denying PCR2. PCR1 was pending after the conclusion of PCR2. Therefore, PCR2 could not toll any additional time than PCR1. Legette argues that the time remains tolled under PCR2 because he never received a copy of the final order. There is no evidence to support this contention. Further, even if Legette did not receive a copy of the final order, Legette has failed to exercise due diligence in learning the outcome of PCR2 and is not entitled to equitable tolling. Moreover, for the reasons set forth above, Legette's argument that PCR1 is irrelevant to the determination that Legette's petition was untimely because it had nothing to do with his convictions and only concerned "family court" matters does not affect the court's analysis. (Id. 6.)

Finally, Legette alleges that he is entitled to tolling during the pendency of his third application for post-conviction relief ("PCR3"). PCR3 was dismissed as untimely and Legette submits that he is "sure that the Court of Common Please erred by ruling that [PCR3] was untimely filed." (Objections 5.) This argument is without merit. See Pace v. DiGuglielmo, 544 U.S. 408, 415 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Based on the foregoing, Legette's petition is time-barred. Further, there is no evidence that Legette was prevented from filing a timely petition or that circumstances beyond his control made it impossible to file a timely petition. Therefore, equitable tolling does not apply. After a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 19, is granted.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
November 26, 2007

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.